UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STEPHEN BALDWIN, | ) | |
| | ) | |
| Petitioner | ) | Civil No. 6:25-cv-00091-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN AT FCI – MANCHESTER, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Stephen Baldwin is incarcerated at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Baldwin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons ("BOP") is improperly calculating his release date. [R. 1.]

This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny Baldwin's petition without prejudice because it is plainly apparent from the face of his submission that he has not yet fully exhausted his administrative remedies. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at \*2 (6th Cir. Sept. 20, 2017).

Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional

Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent that Baldwin has not yet fully exhausted his administrative remedies. [R. 1 at 2-3.] Baldwin does allege that he completed a BP-8 Form and that prison officials never responded to it. *Id.* at 3. But even if that is true, federal regulations make it clear that an inmate should consider the absence of a response to be a denial at that level, permitting the prisoner to proceed to the next step in the grievance process. *See* 28 C.F.R. §§ 542.18. Baldwin, however, affirmatively indicates that he did not appeal the matter administratively and, instead, promptly filed the present § 2241 petition. [R. 1 at 3.] Baldwin fails to identify any legal authority that would allow him to simply bypass the remainder of the administrative grievance process and immediately proceed with his § 2241 petition. Ultimately, in this situation, where a petitioner's failure to fully exhaust his administrative remedies is apparent from the face of the pleading itself, sua sponte dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, the Cout being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Baldwin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED** without prejudice. Baldwin may file a new habeas petition regarding the matter raised once he has fully exhausted his administrative remedies;

2. This action is **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This 28th day of May, 2025.

Gregory F. Van Tatenhove
United States District Judge